UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America, | )<br>)<br>) |
| | )    Cr. No.: 6:86-00092-2 |
|         v. | )<br>) |
| Reynier Eire, | )    **ORDER** |
| | )    (Written Opinion) |
|         Defendant. | )<br>) |

      Defendant, Reynier Eire, was convicted on July 24, 1986 by a jury of possession of one kilogram of cocaine with intent to distribute. ECF No. 2. This matter comes before the Court on Defendant's *pro se* Motion to Expunge and Seal his record of conviction. As the basis for his motion, Defendant states that his criminal conviction has negatively affected his career opportunities. ECF No. 9.

**I.**

      Before ruling on Defendant's motion, this Court must determine whether it has jurisdiction over an equitable claim for expungement of a criminal conviction. Federal courts are courts of limited jurisdiction which only possess that power authorized by the Constitution or statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). If a federal court finds that it lacks jurisdiction over a matter, it may not rule on the merits of the case. *United States v. Mitchell*, 683 F. Supp. 2d 427, 428 (E.D. Va. 2010). The power to expunge criminal records based solely on principles of equity is not explicitly authorized by the Constitution or statute; hence, the only

Page 1 of 4

available jurisdictional basis is ancillary jurisdiction. *United States v. Harris*, 847 F. Supp. 2d 828, 831 (D. Md. 2012).

"Ancillary jurisdiction arises when a district court acquires jurisdiction of a case or controversy in its entirety, and, as an incident to the full disposition of the matter, may hear collateral proceedings when necessary to allow it to vindicate its role as a tribunal." *Mitchell*, 683 F. Supp. 2d at 429 (citation omitted) (internal quotation marks omitted). In *Kokkonen v. Guardian Life Insurance Co. of America*, the United States Supreme Court noted that federal courts may invoke ancillary jurisdiction in two specific circumstances: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." 511 U.S. at 379–80 (citations omitted). However, neither the United States Supreme Court nor the Fourth Circuit has directly addressed whether a federal court may invoke ancillary jurisdiction to expunge criminal convictions solely for equitable reasons. *Mitchell*, 683 F. Supp. 2d at 430.

**II.**

In *United States v. Mitchell*, the court found it lacked ancillary jurisdiction over an equitable claim for expungement of a criminal conviction because there was no connection between the facts relating to the defendant's conviction and the equitable circumstances the defendant claimed warranted expungement of the conviction. *Id.* at 432–33. Additionally, the court noted that expungement of the defendant's conviction would not facilitate the functioning of the federal court because it "provides

a ready, publicly accessible record of his criminal conviction for bank fraud and his punishment for that offense, all of which importantly remain a part of the public record." *Id.* at 433. A number of other courts in the Fourth Circuit have reached conclusions similar to those outlined in *Mitchell*. *See United States v. Prichett*, No. AW 08-368, 2015 WL 3456825, at *2 (D. Md. May 28, 2015); *United States v. Whipkey*, No. 5:09-cr-26, 2014 WL 1922756, at *3 (N.D. W. Va. May 14, 2014); *Sambou v. United States,* No. 5:99-cr-156-1, 2010 WL 3363034, at *1 (E.D.N.C. Oct. 28, 2014)*; Gary v. United States*, No. WDQ-13-3132, 2013 WL 5977998, at *2 (D. Md. Nov. 1, 2013); *Harris*, 847 F. Supp. 2d at 835.

After careful review, this Court is persuaded by the reasoning in *Mitchell*. Like in *Mitchell*, Defendant seeks to have his criminal conviction expunged to improve his employment prospects, not because his conviction was later acquitted. *Compare* 683 F. Supp. 2d at 428 *with* ECF No. 9. As a result, there is no factual interdependency between Defendant's conviction—the claim over which this Court had jurisdiction—and Defendant's ancillary claim for expungement relief. Additionally, expungement of Defendant's criminal conviction would not "enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen*, 511 U.S. at 379–80. Congress has recognized a "compelling public need" to retain criminal records for purposes of criminal identification, punishment, and deterrence, *Whipkey*, 2014 WL 1922756, at *3, and expungement of criminal convictions on equitable grounds may undercut this interest. *See Mitchell*, 683 F.

Supp. 2d at 433 (noting that expungement of criminal convictions for equitable reasons may degrade reliability in the integrity of federal criminal conviction records).

## Conclusion

This Court does not have ancillary jurisdiction to review Defendant's motion for expungement of his criminal conviction.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Expunge and Seal his criminal record is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

November 6, 2015
Anderson, South Carolina